AEE

FILED
FEBRUARY 13, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **TERRY WALKER** ) | |
| ) | |
| Plaintiff, ) | Case No. |
| ) | |
| ) | **08 C 928** |
| vs. ) | COMPLAINT FOR VIOLATION |
| ) | OF CIVIL RIGHTS |
| Chicago Police Officers K.A. Blair, Star No. 18771 ) | |
| R. A. Vahl, Star No. 7350 ) | **JUDGE KENDALL** |
| ) | **MAGISTRATE JUDGE KEYS** |
| ) | JURY DEMANDED |
| Defendants, ) | |

Plaintiff alleges:

## JURISDICTION AND VENUE

1. This action arises under the United States Constitution and the Civil Rights Act of 1871 [42 U.S.C. Section 1983]. This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343 and 1331.

2. Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

## PARTIES

3. At all times herein mentioned, plaintiff TERRY WALKER was and is a citizen of the United States, and was within the jurisdiction of this court.

4. At all times herein mentioned defendant Chicago Police Officer K.A. Blair, Star No. 18771 ("BLAIR") was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent, or representative of the Chicago Police Department. This Defendant is being sued in their individual capacity.

1

5. At all times herein mentioned defendant Chicago Police Officer R.A. Vahl, Star No. 7350 ("VAHL") was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent, or representative of the Chicago Police Department. This Defendant is being sued in their individual capacity.

## **FACTUAL ALLEGATIONS**

6. On or about February 19, 2006 Plaintiff was lawfully in a public place, in the City of Chicago, County of Cook, State of Illinois.

7. At that time and place defendants seized plaintiff.

8. During the course of seizing plaintiff BLAIR and VAHL used force against plaintiff.

9. There was no legal cause for defendants to use force against plaintiff.

10. By reason of the above-described acts and omissions of defendants, Plaintiff sustained injuries, including but not limited to, humiliation and indignities, and suffered great mental and emotional pain and suffering all to his damage in an amount to be ascertained.

11. The aforementioned acts of defendants were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for Plaintiff's rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

12. By reason of the above-described acts and omissions of defendants, Plaintiff was required to retain an attorney to institute, prosecute and render legal assistance to him in the within action so that he might vindicate the loss and impairment of his rights. By reason thereof, Plaintiff requests payment by Defendants of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

## COUNT I
### Plaintiff Against Defendants BLAIR and VAHL for EXCESSIVE FORCE

13. Plaintiffs hereby incorporate and reallege paragraphs one (1) through twelve (12) hereat as though fully set forth at this place.

14. During and immediately after plaintiff's seizure defendants used excessive force against plaintiff's person.

15. There was no legal cause for defendants to use force against plaintiff.

16. By reason of defendants' conduct, plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth and/or Fourteenth Amendment to the Constitution of the United States and laws enacted thereunder.

17. The physical violence inflicted upon plaintiff by was unnecessary, unreasonable, and excessive, and was therefore in violation of plaintiff's Fourth Amendment Rights. Therefore, defendant is liable to plaintiff pursuant to 42 U.S.C. § 1983.

WHEREFORE, the Plaintiff, by and through his attorneys, ED FOX & ASSOCIATES, requests judgment as follows against the Defendants, and each of them:

1. That the Defendants be required to pay Plaintiff's general damages, including emotional distress, in a sum to be ascertained;

2. That the Defendants be required to pay Plaintiff's special damages;

3. That the Defendants be required to pay Plaintiff's attorneys fees pursuant to Section 1988 of Title 42 of the United States Code, the Equal Access to Justice Act or any other applicable provision;

4. That the Defendants be required to pay punitive and exemplary damages in a sum to be ascertained;

5. That the Defendants be required to pay Plaintiff's costs of the suit herein incurred; and

6. That Plaintiff have such other and further relief as this Court may deem just and proper.

BY: /s/Garrett Browne

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

BY: /s/Garrett Browne

ED FOX & ASSOCIATES
Attorneys for Plaintiff
300 West Adams
Suite 330
Chicago, Illinois 60606
(312) 345-8877
gbrowne@efox-law.com