IN THE UNITED STATES DISTRICT COURT.
FOR THE NORTHERN DISTRICT ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TERRY WALKER | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 08 C 928 |
| | ) | |
| vs. | ) | |
| | ) | Judge Kendall |
| Chicago Police Officers | ) | |
| K. A. Blair, Star No. 18771 | ) | Magistrate Judge Keys |
| R. A. Vahl, Star No. 7350 | ) | |
| | ) | JURY DEMANDED |
| Defendants, | ) | |

**DEFENDANTS' ANSWER, 12(b)(6) DEFENSES, AFFIRMATIVE DEFENSES AND**

**JURY DEMAND TO PLAINTIFF'S COMPLAINT**

NOW COMES, the Defendants, Chicago Police Officers Keith Blair, Star # 18771, and Robert Vahl, Star # 7350 (hereinafter referred to as "Individual Defendants"), by and through their attorney, Joel G. Sandoval, Assistant Corporation Counsel for the City of Chicago, respectfully submit the following answers to Plaintiff's complaint.

**JURISDICTION**

1. This action arises under the United States Constitution and the Civil Rights Act of 1871 (42 U.S.C. Section 1983). This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343 and 1331.

**ANSWER:** Individual Defendants admit that this court has jurisdiction.

2. Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

**ANSWER:** Individual Defendants admit that venue is proper.

**PARTIES**

3. At all times herein mentioned, plaintiff TERRY WALKER was and is a citizen of the United States, and was within the jurisdiction of this court.

**ANSWER:   Individual Defendants are without information or knowledge sufficient to form a belief as to the truth of whether Plaintiff is a citizen of the United States. Individual Defendants admit that this court has jurisdiction.**

4.    At all times herein mentioned defendant Chicago Police Officer K. A. Blair, Star No. 18771 ("BLAIR") was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent, or representative of the Chicago Police Department. This Defendant is being sued in their individual capacity.

**ANSWER:   Individual Defendant Blair admits the allegation contained in this paragraph but denies any wrongful or illegal conduct.**

5.    At all times herein mentioned defendant Chicago Police Officer R. A. Vahl, Star No. 7350 ("VAHL") Was employed by the Chicago Police Department, and Was acting under color of state law and as the employee, agent, or representative of the Chicago Police Department. This Defendant is being sued in their individual capacity.

**ANSWER:   Individual Defendant Vahl admits the allegation contained in this paragraph but denies any wrongful or illegal conduct.**

6.    On or about February 19, 2006 Plaintiff Was lawfully in a public place, in the City of Chicago, County of Cook, State of Illinois.

**ANSWER:   Individual Defendants admit that Plaintiff was on or about 3840 S. Well St., Chicago, Illinois, property of the Chicago Housing Authority, and was not arrested or charged for trespassing. Individual Defendants, upon information and belief, admit that Plaintiff had authority to enter upon said property.**

7.    At that time and place defendants seized plaintiff.

**ANSWER:  Individual Defendants admit arresting Plaintiff but deny any wrongful or illegal conduct.**

8.    During the course of seizing plaintiff BLAIR and VAHL used force against

plaintiff.

**ANSWER:   Individual Defendants admit arresting plaintiff but deny using excessive or unjustified force at any time during the arrest and processing of Plaintiff.**

9.    There was no legal cause for defendants to use force against plaintiff.

**ANSWER:   Individual Defendants deny using excessive or unjustified force at any time during the arrest and processing of Plaintiff.**

10.    By reason of the above-described acts and omissions of defendants, Plaintiff Sustained injuries, including but not limited to, humiliation and indignities, and suffered great mental and emotional pain and suffering all to his damage in an amount to be ascertained.

**ANSWER:   Individual Defendants deny the allegations contained in this paragraph of Plaintiff's complaint.**

11.    The aforementioned acts of defendants were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for Plaintiffs rights and justify the awarding of exemplary and Punitive damages in an amount to be ascertained according to proof at the time of trial.

**ANSWER:   Individual Defendants deny the allegations contained in this paragraph of Plaintiff's complaint.**

12.    By reason of the above-described acts and omissions of defendants, Plaintiff was required to retain an attorney to institute, prosecute and render legal assistance to him in the within  action so that he might vindicate the loss and impairment of his rights. By reason thereof, Plaintiff  requests payment by Defendants of a reasonable sum for attorney's fees pursuant to 42 U.S..C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

**ANSWER:   Individual Defendants deny the allegations contained in this paragraph of Plaintiff's complaint.**

**COUNT I**
**Plaintiff Against Defendants BLAIR and VAHL for**
**EXCESSIVE FORCE**

13. Plaintiffs hereby incorporate and reallege paragraphs one (1) through twelve (12) hereat as though fully set forth at this place.

**ANSWER: Individual Defendants adopt and re-allege their answers to paragraphs one (1) through twelve (12) as though fully set forth herein.**

14. During and immediately after plaintiff's seizure defendants used excessive force against plaintiffs person.

**ANSWER: Individual Defendants deny using excessive or unjustified force at any time during the arrest and processing of Plaintiff.**

15. There was no legal cause for defendants to use force against plaintiff.

**ANSWER: Individual Defendants deny using excessive or unjustified force at any time during the arrest and processing of Plaintiff.**

16. By reason of defendants' conduct, plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth and/or Fourteenth Amendment to the Constitution of the United States and laws enacted thereunder.

**ANSWER: Individual Defendants deny the allegations contained in this paragraph of Plaintiff's complaint.**

17. The physical violence inflicted upon plaintiff by was unnecessary, unreasonable, and excessive, and was therefore in violation of plaintiff's Fourth Amendment Rights. Therefore, defendant is liable to plaintiff pursuant to 42 U.S.C. § 1983.

**ANSWER: Individual Defendants deny the allegations contained in this paragraph of Plaintiff's complaint.**

WHEREFORE, Individual Defendants and Defendant City of Chicago request judgement in their favor and against plaintiff on all counts and claims in the complaint, dismissal of this cause with prejudice and costs and such other relief this court deems appropriate.

### Fed. R. Civ. P. 12(b)(6) DEFENSES

1.      Plaintiff has failed to allege facts sufficient to support a claim under 42 U.S.C. § 1983, for Excessive Force as a matter of law against Individual Defendants.

2.      An award to punitive damages would deprive Individual Defendants of due process of law in violation of the fifth and Fourteenth Amendments to the United States Constitution where:

> (a) liability for punitive damages has not been proven beyond a reasonable doubt, or at least by clear and convincing evidence;
>
> (b) the award of punitive damages is disproportionate to actual damages.

### AFFIRMATIVE DEFENSES

1.      Individual Defendants are government officials, namely police officers, who perform discretionary functions.  At all times material to the event alleged in the Complaint, a reasonable police officer objectively viewing the facts and circumstance that confronted Individual Defendants could have believed their actions to be lawful, in light of established law and the information the Individual Defendants possessed.  Therefore, Individual Defendants are entitled to qualified immunity on Plaintiff's 42 U.S.C. § 1983 claims.

2.      As to any state claims under Illinois law, under the Local Governmental and Governmental Employees Tort Immunity Act (hereinafter "Illinois Tort Immunity Act"), Individual Defendants are not liable for any claim alleged because the decision to arrest and detain Plaintiff was based upon the information and circumstances known to Individual Defendants at the time and was a discretionary decision for which they are immune from liability.  745 ILCS 10/2-201.

3. Individual Defendants were working as police officers at the time of this incident. Therefore, as to all claims under Illinois Law, pursuant to the Illinois Tort Immunity Act, Defendants are not liable for any state law claim alleged because public employees are not liable for their acts or omissions in the execution or enforcement of any law, unless such acts or omissions constitute wilful and wanton conduct. 745 ILCS 10/2-202.

4. Where Individual Defendants may be liable in damages, the amount of damages to which Plaintiff would otherwise be entitled must be reduced by application of principles of comparative fault, in proportion to the amount of the intentional, willful and wanton or negligent conduct of the Plaintiff which was the proximate cause of his injuries or damages.

5. Individual Defendants are not liable for any injury caused by the act or omission of another person. 745 ILCS 10/2-204.

6. To the extent Plaintiff failed to mitigate any of his claimed injuries or damages, any verdict or judgment obtained by Plaintiff must be reduced by application of the principle that Plaintiff has a duty to mitigate his claimed injuries and damages, commensurate with the degree of failure to mitigate attributed to Plaintiff by the jury in this case.

## JURY DEMAND

Individual Defendants request trial by jury.

WHEREFORE, Individual Defendants and Defendant City of Chicago request judgement in their favor and against Plaintiff on all counts and claims in the complaint, dismissal of this cause with prejudice and costs and such other relief this court deems appropriate

        Respectfully submitted,

        /s/ Joel G. Sandoval
        JOEL SANDOVAL
        Assistant Corporation Counsel

30 N. LaSalle Street
Suite 1400
Chicago, Illinois 60602
(312) 742-5146
(312) 744-6566 (Fax)
Atty. No. 06290664