IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TERRY WALKER | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 08 C 928 |
| | ) | |
| vs. | ) | |
| | ) | Judge Kendall |
| Chicago Police Officers | ) | |
| K. A. Blair, Star No. 18771 | ) | |
| R. A. Vahl, Star No. 7350 | ) | |
| | ) | |
| Defendants, | ) | |

**DEFENDANTS BLAIR AND VAHL'S MOTION
FOR ENTRY OF PROTECTIVE ORDER**

Defendants, Chicago Police Officers Keith Blair and Robert Vahl ("Defendants"), by one of their attorneys, Jonathan Clark Green, Assistant Corporation Counsel of the City of Chicago, respectfully move this Honorable Court, pursuant to Fed.R.Civ.P. 26(c) and 45 C.F.R. §§ 160 and 164, for entry of the attached "Qualified HIPAA and Confidential Matter Protective Order."

In support thereof, Defendants state as follows:

1. The parties anticipate that documents pertaining to the parties and non-parties may be sought and produced in this matter. The parties also anticipate production in this litigation of personnel file-related information such as disciplinary history, Complaint Registers, and medical information covered by the Health Insurance Portability and Accountability Act. Complaint Registers contain personnel record information regarding police officers and other Chicago Police Department personnel (including third-parties), including but not limited to personal identifiers of officers and their families, disciplinary histories, medical information, reports and other actions, as

1

well as other information of unrelated civilian parties and witnesses that is sensitive or of a non-public nature related to discipline, confidential statements, medical information, and personal identifiers.

2. Medical information is protected by the Health Insurance Portability and Accountability Act of 1996, codified primarily at 18, 26 and 42 U.S.C. (2002). The "Privacy Standards" for such information is found at 45 C.F.R. §§ 160 and 164 (2000).

3. Personnel files, disciplinary histories and related information are protected by the Illinois Personnel Records Review Act, 820 ILCS 40/0.01 (West 2004) and the Illinois Freedom of Information Act, 5 ILCS 140/7 (West 2004).

4. The Defendants' proposed "Qualified HIPAA and Confidential Matter Protective Order," attached hereto, prohibits use of personnel files and other personnel and disciplinary information, medical information covered by the Health Insurance Portability and Accountability Act, and Complaint Register files for any purpose other than litigation of this case, prohibits their dissemination to parties outside this litigation, and requires their return to the producing party at the end of this litigation. Such an order would ensure the protection of such information, consistent with the principles of federal and Illinois law. This order will also protect against improper dissemination of confidential information and unfairness in the trial process.

5. The Defendants do not object to the disclosure of relevant production to other respective parties in accordance with the Federal Rules of Civil Procedure, but only seeks to limit the use of the production to this litigation and protect confidential information from dissemination to third parties.

6. Plaintiff has been notified of this motion and does not agree to the terms of the proposed protective order.

**WHEREFORE,** Defendants request that this Court enter the attached "Qualified HIPAA and Confidential Matter Protective Order" in this matter.

Respectfully submitted,

/s/   Joel G. Sandoval
JOEL G. SANDOVAL
Assistant Corporation Counsel
30 North LaSalle Street, Suite 1400
Chicago, Illinois 60602
(312) 744-0226
Atty. No. 06290664